UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARK A. CADE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-02923-JMS-TAB |
| | ) | |
| MARK SEVIER, | ) | |
| | ) | |
| Respondent. | ) | |

## ENTRY GRANTING PETITION FOR WRIT OF HABEAS CORPUS
## AND DIRECTING ENTRY OF FINAL JUDGMENT

Mark Cade's petition for a writ of habeas corpus challenges his conviction in a prison disciplinary proceeding identified as NCF 15-08-0210. For the reasons explained in this Entry, Mr. Cade's petition is **granted**.

### I. Overview

A state prisoner may petition for a writ of habeas corpus under 28 U.S.C. § 2254 on the ground that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). When prison staff deprive an Indiana prisoner of good-time credits, the prisoner's custody has been impacted in a manner that permits a habeas challenge. *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam). Ordinarily, disciplinary habeas petitions allege deprivations of due process rights recognized in *Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974), and *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985). But this does not

preclude prisoners from challenging disciplinary convictions or sanctions on other constitutional grounds. [1]

## II. Background

In 2013, Indiana Department of Correction (IDOC) inmates brought a class action seeking relief from disciplinary sanctions for their refusal to participate in the Indiana Sex Offender Management and Monitoring (SOMM) Program. *See Lacy, et al. v. Butts*, no. 1:13-cv-00811-RLY-DML. The plaintiffs asserted that the SOMM Program required them to admit they were guilty of conduct for which they were convicted and sentenced as well as other potentially criminal—but uncharged—conduct. If they refused to participate, they were punished with deprivations of earned credit time and demotions in credit-earning class. This, they argued, violated their Fifth Amendment protections against compelled self-incrimination.

On September 28, 2017, Judge Young ruled in the plaintiffs' favor. He explained:

> [B]ecause earned credit time in Indiana is not discretionary, inmates have a liberty interest in this credit time. Further, the "fair criminal process" which resulted in the petitioners' sex offense convictions contemplates only the sentence for the crime for which they were convicted. They are entitled, statutorily, to be able to earn credit toward this sentence like any other convicted prisoner. The denial of their ability to do so for their failure to incriminate themselves in the course of the SOMM program implicates their liberty rights and results in compulsion in violation of the Fifth Amendment.

---

[1] *See, e.g.*, *Hanson v. Heckel*, 791 F.2d 93, 95 (7th Cir. 1986) (affirming treatment of equal protection challenge to denial of good time credit as habeas petition because, "when a state prisoner brings a civil rights action and raises constitutional issues that directly relate to the fact or duration of his confinement and are cognizable in habeas corpus, the competing interests underlying habeas relief . . . must prevail."); *Hill v. Davis*, 58 F. App'x 207, 209 (7th Cir. 2002) (holding in disciplinary habeas case that, "absent evidence that any disparity in punishment was based on a suspect classification (like race or religion), punishing inmates differently for the same offense violates the Equal Protection Clause only if there is no rational connection between the punishments and the offenses.").

*Id.*, dkt. 135 at 17. Judge Young granted habeas corpus relief to the class and ordered that "[t]he disciplinary actions and sanctions for failing to participate in the SOMM program must be vacated." *Id.* at 18.

Mr. Cade has maintained since at least August 2018 that he is a member of the *Lacy* class and entitled to restoration of earned credit time that he lost for refusing to participate in the SOMM Program. Judge Young certified the class under the following definition:

> All persons incarcerated in the Indiana Department of Correction who have been asked to participate in the Indiana Sex Offender Management Program, who have refused to participate because they refuse to confess guilt on the primary offense or disclose other criminal conduct as required by the INSOMM program, and who have been subjected to disciplinary action in the form of lost credit time and/or demotion in credit class as a result.

*Id.*, dkt. 93 at 14. Mr. Cade was identified by class counsel as a putative class member and in fact contacted class counsel regarding the class action. *See id.*, dkt. 83 at 3; dkt. 83-2 at 2.

On August 16, 2018, Mr. Cade filed a motion in the then-closed class action asserting that he was a class member and asking the Court to order the IDOC to vacate several disciplinary convictions for refusing to participate in the SOMM Program. *Id.*, dkts. 154, 155. Judge Young directed that, if Mr. Cade "wishes to challenge disciplinary action taken against him, he should contact class counsel or file a petition for a writ of habeas corpus." *Id.*, dkt. 156.

On July 10, 2019, Mr. Cade followed that guidance and filed a habeas petition in this Court challenging his conviction and loss of credit time in *fifteen* disciplinary cases, each for refusing to participate in the SOMM Program. *See* no. 1:19-cv-02842-RLY-MJD, dkt. 1. The Court severed the claims in to fifteen separate habeas proceedings, each concerning a single disciplinary case. *Id.*, dkt. 8.

This action concerns Mr. Cade's conviction and sanctions in NCF 15-08-0210. That proceeding began with the following conduct report, written on August 20, 2015, by SOMM Counselor Lonel Stites:

> On Thursday, August 20th, 2015 Offender Mark Cade DOC# 146314 was met with to discuss his participation in the INSOMM program. Dr. Hofman, SOMM Team Leader was also present as a witness. Offender Mark Cade DOC#146314 was offered the opportunity to return to the program, as he had previously withdrawn his consent to participate. However, he reported that he would not return to the program to continue his participation if he was placed in a group with this writer as his therapist. Due to his refusal to participate in a program that is required per Executive Directive 15-13, Offender Mark Cade DOC# 146314 was informed that he is being written up on a 116A.

Dkt. 8-1.

> Dr. Hofman provided the following witness statement:

> Offender Cade was sent a call out pass. He was offered an opportunity to participate in treatment in the SOMM program. Offender Cade refused to come into the program on the basis he is refusing to be in group with Ms. Stites.

Dkt. 8-5.

Mr. Cade was convicted at a disciplinary hearing on August 25, 2015. Dkt. 8-4. According to the hearing officer, Mr. Cade stated that he did not refuse to participate in the SOMM program but rather refused to participate with Ms. Stites. *Id.* The hearing officer nevertheless found Mr. Cade guilty and deprived him of 180 days' earned credit time. *Id.*

In his verified habeas petition, Mr. Cade states under penalty of perjury that he refused to participate in the SOMM Program because "the program imposed a mandatory requirement that I admit guilt for the offense in which I was convicted and potential other crimes in violation of my Fifth Amendment right to remain free from self-[incrimination]." Dkt. 1 at 4. Mr. Cade adds that the hearing officer's account of his statement at the disciplinary hearing was incomplete. *See* dkt. 9 at 6–9. He states that he was not permitted to write his defense in his own words and that he stated that he refused to participate in the SOMM program with Ms. Stites because she demanded

that he make incriminating statements. *Id.* Mr. Cade supports these explanations with references to an affidavit, filed in his original habeas petition, in which he makes the same statements under penalty of perjury. *Id.* at 9–10; no. 1:19-cv-02842-RLY-MJD, dkt. 2. The respondent has not presented any testimony from Ms. Stites or Dr. Hofman that contradicts these statements.

### III. Analysis

Judge Young has already determined that inmates who lost credit time for refusing to participate in the SOMM Program on Fifth Amendment grounds were deprived of that credit time in violation of the Constitution and that they are entitled to have that time restored. As such, the Court need consider only whether Mr. Cade is a member of the *Lacy* class—that is, whether he refused to participate in the SOMM Program on Fifth Amendment grounds. If so, he is entitled to relief.

Mr. Cade has presented evidence supporting the conclusion that he is a member of the *Lacy* class and therefore entitled to relief. In his verified petition and his affidavit, Mr. Cade testified under oath that he refused to participate in the SOMM Program because Ms. Stites demanded that he admit criminal conduct. *See* dkt. 1 at 4; no. 1:19-cv-02842-RLY-MJD, dkt. 2. Based on this evidence, Mr. Cade was a "person[] incarcerated in the Indiana Department of Correction who [was] asked to participate in the Indiana Sex Offender Management Program, who . . . refused to participate because he refuse[d] to confess guilt on the primary offense or disclose other criminal conduct as required by the INSOMM program, and who ha[s] been subjected to disciplinary action in the form of lost credit time and/or demotion in credit class as a result." *Lacy*, no. 1:13-cv-00811-RLY-DML, dkt. 93 at 14.

The respondent has not contradicted this conclusion with evidence of his own. The respondent asserts that Mr. Cade refused to participate in the SOMM Program only because he did not wish to participate with Ms. Stites. Dkt. 8 at 8. However, the respondent bases this assertion entirely on the conduct report and the hearing officer's report. *See id.* at 8– 9. Mr. Cade did not write those statements. Moreover, they do not conflict with Mr. Cade's testimony that he refused to participate with Ms. Stites because she demanded that he admit conduct in violation of his Fifth Amendment rights.

Additionally, the respondent asks the Court to find that Mr. Cade refused to participate in the SOMM Program *in this instance* for reasons other than the Fifth Amendment because he properly asserted the Fifth Amendment as his basis for refusal *in one other instance*. *See id.* at 9. The respondent supports this argument with a hearing report in which the hearing officer documented Mr. Cade as stating, "I will go to SOMM, but I will not admit to the things that are not true." Dkt. 8 at 1. This evidence shows only that the hearing officer *documented* Fifth Amendment concerns as Mr. Cade's basis for refusing to participate in the SOMM Program in disciplinary case NCF 16-03-0228. It is not evidence of Mr. Cade's basis for refusing to participate in the SOMM Program for purposes of any other disciplinary proceeding, including NCF 15-08-0210.

The respondent could have rebutted Mr. Cade's testimony with affidavits from Ms. Stites or Dr. Hofman stating that Mr. Cade never raised the requirement that he admit to criminal conduct as a reason for refusing to participate in the SOMM program. He did not do so. The Court therefore accepts Mr. Cade's testimony as unopposed and finds that Mr. Cade is entitled to relief as a member of the *Lacy* class.

6

The respondent argues at length that Mr. Cade's habeas petition is barred by procedural default because he failed to exhaust the IDOC's administrative appeals system for disciplinary proceedings. However, he also concedes that "*Lacy* class members were not required to exhaust administrative remedies." Dkt. 8 at 8. Because Mr. Cade is a member of the *Lacy* class, the question of whether he exhausted administrative appeals is moot.

## IV. Conclusion

Mr. Cade's petition for a writ of habeas corpus challenging disciplinary proceeding NCF 15-08-0210 is **granted**. All earned credit time deprived as a consequence of this proceeding must be **immediately restored**, and Mr. Cade's new release date must be calculated accordingly. Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 4/13/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

MARK A. CADE
146314
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Frances Hale Barrow
INDIANA ATTORNEY GENERAL
frances.barrow@atg.in.gov